UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| CHASE RICHARD CALDWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 2:16CV210-PPS |
| | ) |
| WILLIAM MARSHALL, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

*Pro se* plaintiff Chase Caldwell claims that Officer William Marshall of the Porter County Sheriff's Department violated his Fourth and Fourteenth Amendment rights by falsely arresting him. [DE 1 at 2-3.] Now before me is Marshall's motion to dismiss or, in the alternative, for summary judgment, to which Caldwell has filed no opposition [DE 13.]

The facts come from the complaint which I will accept as true at this point. According to Caldwell, he was arrested at his residence by Officer Marshall on April 6, 2011, pursuant to an arrest warrant issued on April 5, 2011. [DE 1 at 2.] The warrant for Caldwell was issued on charges of forgery and theft under Ind. Code 35-43-5-2- and 35-43-4-2, on an information alleging that Caldwell fraudulently passed a counterfeit $100 bill and took $100 from Sabrina Burns with intent to deprive her of its value or use. [*Id.*] Caldwell denies those allegations. [*Id.*] He also states that the charges were later dismissed in plea negotiations. [*Id.*]

Marshall moves to dismiss or for summary judgment, arguing that Caldwell's claim is barred by the statute of limitations. Because the statute of limitations is an affirmative defense, a dismissal under Fed.R.Civ.P. 12(b)(6) on that basis is irregular. *Chicago Bldg. Design PC v. Mongolian Housing, Inc.*, 770 F.3d 610, 613 (7th Cir. 2014). "Complaints need not to anticipate and attempt to plead around defenses, [and] a motion to dismiss should be granted only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Id*. at 613-14 (internal citations omitted). The Seventh Circuit has held that, where the complaint unambiguously states relevant dates, it is appropriate to consider the statute of limitations. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). For dismissal to be proper, the complaint must plainly show that the action runs afoul of the statute of limitations. *Chicago Bldg. Design*, 770 F.3d. at 614.

As noted above, Caldwell contends in his complaint that his arrest on April 6, 2011, violated his Fourth Amendment protection against false arrest and his Fourteenth Amendment liberty interest. [DE 1 at 2.] He also states that a warrant for his arrest was issued on April 5, 2011, and that the warrant was executed by Marshall the next day, April 6, 2011. [*Id*.] These dates are also supported by disclosure documents filed of record by Caldwell. [DE 3 at 14.] Caldwell doesn't contest the validity of the warrant, but only the underlying allegations of forgery and theft. [DE 1 at 2, 3.] Caldwell further states that the charges were dismissed as a result of plea negotiations in February 2012. [DE 1 at 2.]

Claims under § 1983 "are best characterized as personal injury actions . . ." so "a State's personal injury statute of limitations should be applied . . . ." *Owens v. Okure*, 488 U.S. 235, 241 (1989). In Indiana, the statute of limitations is two years for personal injury claims. *See* Ind. Code § 34-11-2-4. However, federal law determines when the statute of limitations starts running. The statute of limitations under § 1983 begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013). Specifically for false arrest claims, the statute of limitations starts to run when the plaintiff becomes detained pursuant to legal process. *Id.* Accordingly, in this case the statute began to run on April 6, 2011, when Caldwell was arrested and had reason to know of his injury. Caldwell didn't bring his complaint until June 7, 2016, five years after his arrest. Because the critical dates are plainly laid out in Caldwell's complaint, and five years clearly exceeds the two-year statute of limitations, this motion to dismiss will be granted.

Marshall requests that, in the alternative, I grant summary judgment based on qualified immunity. [DE 13 at 7.] The qualified immunity doctrine gives a government official immunity from civil liability unless the official has clearly violated an established or constitutional right of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223 (2009). There is a two-part test to determine if an official is entitled to qualified immunity. *Id.* at 232. First, the court must decide whether plaintiff's alleged facts demonstrate the violation of a constitutional right. *Id.* Second, the court must determine if the right at issue was "clearly established" at the

time of defendant's alleged misconduct.  *Id*.  There is no particular order in which these steps must be addressed.  *Id*. at 235.

Caldwell's complaint fails the first prong of this test, as the facts alleged do not demonstrate the violation of a constitutional right.  Caldwell claims that his Fourth and Fourteenth Amendments were violated based on his arrest.  Generally, a plaintiff doesn't have a Fourth Amendment claim for false arrest if he was arrested pursuant to a facially valid warrant.  *Lawson v. Veruchi*, 637 F.3d 699, 704 (7th Cir. 2011).  An "officer procuring the warrant is immune from a suit for damages unless it can be shown that the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable."  *Neiman v. Keane*, 232 F.3d 577, 579–80 (7th Cir. 2000) (internal citations omitted).  If a reasonable, well-trained officer in the defendant's position would have known that there was not probable cause and knew he should not have requested the warrant then he is not immune from suit.  *Id*.  "This . . . occurs when the officer procuring the warrant does not inform the judicial officer of facts that would negate probable cause or when the officer recklessly disregards the truth in his representations to the judicial officer."  *Id*.

Marshall procured the warrant.  He applied for the warrant after an investigation into the matter.  The issuing judge found that the affidavit explaining the information gathered by Marshall during his investigation was enough to show probable cause.  There is no allegation in Caldwell's complaint of any misrepresentation or falsehood in the affidavit.  Caldwell merely professes his innocence of the charges that, according to

4

the complaint, have already been dismissed. [DE 1 at 2.] "The fact that criminal charges are eventually dropped…has no consideration in the determination of arguable probable cause at the time of arrest." *Burritt v. Ditlefsen*, 807 F.3d 239, 249 (7th Cir. 2015). Caldwell does not allege, much less supply evidence supporting, that Marshall's probable cause affidavit "contained statements he knew to be false or would have known were false had he not recklessly disregarded the truth." *Lawson*, 637 F.3d at 704. Because the warrant was obtained with a sworn affidavit supporting probable cause, the warrant is presumptively valid. [DE 3 at 22-24.] Therefore, Caldwell's complaint does not allege the violation of a constitutional right, and Marshall is entitled to qualified immunity.

Caldwell also alleges that his Fourteenth Amendment liberty interest was violated by his April 2011 arrest. [DE1 at 2.] This claim arises out of the same arrest and facts as the his Fourth Amendment claim. I can therefore use the same analysis that I used for the Fourth Amendment claim. *Burritt*, 807 F.3d at 251 (holding that an officer was entitled to qualified immunity for Fourth and Fourteenth Amendment claims based on an arrest made with probable cause). Again, the warrant for Caldwell's arrest was obtained with a showing of probable cause. Caldwell doesn't claim that Marshall falsified the probable cause affidavit or had any reason to believe that arresting Caldwell on the warrant was unlawful. Furthermore, a Fourteenth Amendment right of this nature is not clearly established. "A plaintiff cannot state a due process claim 'by combining what are essentially claims for false arrest under the Fourth Amendment and

5

state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment.'" *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009), quoting *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003). Qualified immunity applies to this claim too.

**CONCLUSION**

Plaintiff Chase Caldwell's complaint is barred by the statute of limitations. In addition, defendant Officer William Marshall is entitled to qualified immunity against Caldwell's claims.

**ACCORDINGLY:**

Defendant William Marshall's Motion to Dismiss or for Summary Judgment [DE 13] is GRANTED.

The Clerk shall enter judgment accordingly.

**SO ORDERED.**

Entered this 21st day of November, 2016

                                              /s/ Philip P. Simon
                                             CHIEF JUDGE